**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JERRY CARTER**                                                                                          **PETITIONER**


**VS.**                          **CASE NO. 2:17CV00058 DPM/PSH**


**GENE BEASLEY, WARDEN,
FCI FORREST CITY, ARKANSAS**                                                      **RESPONDENT**


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

Jerry Carter ("Carter"), in federal custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served.[1] Specifically, Carter contends

---

[1] Carter has raised this claim with the sentencing court, the United States District Court for the Eastern District of Missouri, by filing a motion to clarify sentence. Docket entry no. 7-5. The sentencing court has not yet ruled on this motion. After asking the parties to address the impact of the pending motion, we are persuaded that the issue raised by Carter is properly before this Court. See docket entry nos. 8-10.

the Bureau of Prisons ("BOP") failed to credit him for the period from May 29, 2013, through January 15, 2015, time which he claims was not credited toward a Missouri state sentence.

The pertinent dates and events are:

**October 21, 1993**   Carter pleads guilty in Missouri state court to murder in the second degree and armed criminal action, and is sentenced to life imprisonment. Docket entry no. 7-1, pages 11-12.

**March 12, 2010**   Carter is released on parole. Docket entry no. 7-1, page 16.

**May 29, 2013**   Carter is arrested by the St. Louis Police Department for unlawful possession of a defaced firearm, possession of a controlled substance (4 counts), and unlawful use drug paraphernalia. Docket entry no. 7-1, pages 6-9.

**May 30, 2013**   Carter is charged in a complaint in Missouri state court with unlawful possession of a firearm and possession of a defaced firearm. Docket entry no. 7-1, pages 26-27.

**June 11, 2013**   A warrant/detainer is issued by the State of Missouri for violation of Carter's parole. Referenced on pages 19, 39, & 46 in docket entry no. 7-1.

**August 29, 2013**   Carter is arrested by federal authorities and charged with possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. Docket entry no. 7-1, page 22. These three offenses all stem from his May 29, 2013, arrest.

**February 4, 2014**   The State of Missouri elects not to prosecute Carter on the charges stemming from his May 29, 2013 arrest. See Memorandum of Nolle Prosequi. Docket entry no. 7-1, page 24.

**December 5, 2014**    Carter is convicted in federal court of possession with intent to distribute heroin, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm. Carter receives a sentence of 130 months, to run consecutive to the life sentence previously imposed by the State of Missouri. Docket entry no. 7-1, pages 30-36. This is the sentence which he is currently serving at FCI Forrest City.

**January 15, 2015**    Carter's state court parole is violated due to his felony convictions. Docket entry no. 7-1, pages 17 & 19.

**January 27, 2016**    The State of Missouri orders Carter to be released on parole on his state sentence on February 1, 2016. Docket entry no. 7-1, page 38.

**February 1, 2016**    The State of Missouri releases Carter to the custody of the United States Marshals Service. Docket entry no. 7-1, page 40. The federal authorities show Carter as being released from state custody on February 1, 2016, and specifically note that the period from his arrest until the issuance of his parole violation warrant (from May 29 until June 10, 2013) was credited toward his state sentence.[2] Docket entry no. 7-1, page 44. The federal authorities show Carter as commencing to serve his federal sentence on February 1, 2016. Docket entry no. 7-1, page 43.

**Analysis**

Carter argues that the time from his arrest on May 29, 2013, until his state parole was violated on January 15, 2015, should be credited toward his federal sentence. Carter explicitly

---

[2]Informal communication in the form of an e-mail exchange and a memorandum show Missouri officials confirmed that Carter's state sentence continued to run from the time of his arrest, on May 29, 2013, until his release into federal custody. Docket entry no. 7-1, pages 46 & 48.

argues that this period of time was *not* credited toward his state sentence, and that "there are no legal documents which show otherwise." Petition, page 2.

Carter is in error. The legal documents described above consistently demonstrate that the time from May 29, 2013 through January 15, 2015 was credited toward his state sentence. Carter commenced serving his federal sentence on February 1, 2016. Prior to that time, regardless of where he was housed, his time served was credited toward his state sentence. This conclusion is supported by the Judgment entered in the United States District Court, Eastern District of Missouri, specifying that Carter's federal sentence, imposed on December 5, 2014, would run consecutive to his 1993 state court sentence of life imprisonment. Docket entry no. 16, page 15. The Missouri Department of Corrections confirmed that Carter was released to federal custody on February 1, 2016 after being paroled again from his state sentence. Docket entry no. 16, page 22. In addition, the Probation Office of the United States District Court, Eastern District of Missouri, corresponded with Carter in June 2016, reiterating that the Carter's federal sentence began on February 1, 2016, when paroled from the Missouri state sentence, and that the federal sentence was to be served consecutive to the state sentence. Docket entry no. 16, page 31. Thus, the state and federal authorities concur with the crediting of Carter's time in custody. 18 U.S.C. § 3585(b) dictates the result, providing:

> (b) Credit For Prior Custody.– A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

(Emphasis added).

Since the time in question was credited toward Carter's state sentence, it follows that it

cannot be credited toward his federal sentence.  "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992).

The BOP's calculation of the sentence is correct, and Carter's claim to credit for the cited time period is without merit.  As a result, we recommend the petition for writ of habeas corpus be dismissed, and the relief requested denied.

IT IS SO ORDERED this 22nd day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE